## SUPERIOR COURT

### No. 13
### FOURTH & CENTRAL TRUST CO. v. HENDERSON LITH. CO. et
Cincinnati Superior Court
No. 59295. Decided Nov. 18, 1925

**1197. TRUSTS—Where a trust consisting of specific stock has been created for a certain purpose, a sale of the stock will render it impossible to carry out such purpose and hence will result in the termination of the trust.**
MARX, J.

This action was brought by the Fourth & Central Trust Co., as trustee, to determine its duty with respect to distribution of funds in its possession. The facts are not disputed and so far as are pertinent to this case are as follows:

William Henderson by a voluntary trust deed, transferred to the Trust Company 1000 shares of stock which he owned in the Henderson Lithographing Co. for the purpose of providing for the continuation of the influence of his son, Minto Henderson, in the management of the Lithographing Company and also for the equal distribution of his stock in the company among his children or their heirs. The trust instrument also provided that in the event of death of Minto Henderson, the stock should be divided among the surviving children or their heirs per stirpes, and by an amendment to the instrument, the trustee was directed to vote the stock of the Lithographing Co. as direced by Minto.

William Henderson died, survived by his son Minto, and two other children, one having died leaving a wife as sole heir. The Henderson Lithographing Company was sold, all of the stock-holders of said Company assenting to the sale. The Lithographing Co. was dissolved and instead of the 1000 shares, the trustee held $240,000 in cash.

A controversy arose between Minto Henderson and the remaining children of William Henderson as to the disposition that shall be made of the fund. Minto maintained that the fund should be invested by the trustee in such securities as may be authorized by law and the interest thereon be equally divided among those surviving. The remaining children contended that the trust terminated when the Lithographing Company was sold and therefore the fund should be equally divided in accordance with the provision in the trust deed relative to the termination of the trust.

The Trust Company took neither side in this controversy but brought this action to determine its duty under the circumstances. The only question raised by this controversy is whether or not the trust created by Wm. Henderson was terminated. The Superior Court held:

1. By the terms of the trust deed, the duties of the Trust Company, as trustee, was with respect to specific stock; to wit, stock of the Henderson Lithographing Co. The trustee cannot perform these duties as there is no such stock.

2. It was not the settlors intention that the trustee should hold money, as by the terms of the trust deed, it is clear that he desired his children to share in the interest he had in the Lithographing Company.

3. By the sale of the Lithographing Co. it was rendered impossible to carry out the provisions of the trust instrument, and the trust will not be continued for the trustee's benefit. 72 OS. 1.

4. The cy pres doctrine is not applicable in this case, that doctrine being limited to charitable trusts or trusts for public uses.

5. It was clearly the intention of the settlor that in event his primary purpose (continuing the influence of his son, Minto, in the business should fail, the trust should terminate.

6. The trust has therefore terminated and the trust estate is ordered distributed in accordance with the trust deed.

Decree accordingly.

Attorneys—Chas. B. Wilby and Clark Wilby for Trust Company; Buchwalter, Headley and Smith for the Lithographing Co. et; Maxwell and Ramsey & Jos. Lackner for Henderson et; all of Cincinnati.